1  Ashley R. Morris, Esq., SBN 225455
   **WILSON, ELSER, MOSKOWITZ,**
2     **EDELMAN & DICKER LLP**
   555 South Flower Street, Suite 2900
3  Los Angeles, California 90071
   Telephone:(213) 443-5100
4  Facsimile: (213) 443-5101

5  Attorneys for Defendant,
   G4S SECURE SOLUTIONS (USA), INC.

6

7

8                     UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10

11 | JACOB LEE GAMBLE, | ) Case No: 5:20-cv-02636
12 |      Plaintiff, | ) Hon:
13 | v. | ) **DEFENDANT G4S SECURE SOLUTIONS'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446**
14 | BANK OF AMERICA CORPORATION, a Delaware Corporation; G4S SECURE SOLUTIONS, a Florida Corporation; and DOES 1 to 50, inclusive, | )
17 |      Defendants. | )

18

19  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR
20  THE CENTRAL DISTRICT OF CALIFORNIA:
21      PLEASE TAKE NOTICE that Defendant G4S SECURE SOLUTIONS
22  (USA), INC. ("G4S") hereby removes this action from the Superior Court of the
23  State of California for the County of Los Angeles, to the United States District
24  Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441,
25  and 1446. The grounds for removal are as follows:
26  ///
27  ///
28  ///

## I. BACKGROUND AND PROCEDURAL POSTURE

1. On October 29, 2020, Plaintiff JACOB LEE GAMBLE ("Plaintiff") filed a Complaint and thereby commenced this action in the Superior Court of the State of California for the County of Riverside, styled *Gamble v. Bank of America Corporation; G4S Secure Solutions; and Does 1 through 50, inclusive*, and assigned Case No. RIC2004308 ("State Court Action"). Hereinafter, Defendant G4S Secure Solutions

2. On November 23, 2020, Plaintiff served G4S with a Summons and a copy of the Complaint in the State Court Action. True and correct copies of the Summons, Complaint, other pleadings, process, and orders that have been served upon G4S and filed in the State Court Action are attached as **Exhibit 1** to this Notice of Removal.  Other than the documents attached as Exhibit 1 to this Notice of Removal, Plaintiff has not served any pleadings, process, orders, filings, or other documents upon G4S in the State Court Action.  In the event that such other documents or filings come to G4S's attention, G4S will immediately file copies in this Court.

3. On December 23, 2020, G4S filed a Notice of Removal with the identified department in the State Court Action.

4. Plaintiff has also filed suit against Bank of America, a Delaware corporation.

## II. TIMELINESS, JOINDER, AND VENUE

5. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) based on Plaintiff's service of documents on November 23, 2020.  This Notice of Removal is filed within 30 days of service and removal has been perfected within one year of the commencement of the action.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) and (c).

2
**DEFENDANT G4S NOTICE OF REMOVAL**
3810052v.1

6. As Does 1-50 have not yet been identified, all proper and active corporate defendants who have been named, joined, and served have consented to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2).

7. The United States District Court for the Central District of California is the district within which the State Court Action is pending under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action. *See also* C.D. Cal. General Order No. 19-03, § I.B.1.b.

8. In accordance with 28 U.S.C. § 1446(d), G4S promptly will file in the State Court Action a copy of this Notice of Removal and give written notice to Plaintiff by serving this Notice of Removal on counsel for Plaintiff.

9. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION

10. The Court has diversity jurisdiction over this civil action under 28 U.S.C. § 1332. As detailed below, this action is removable pursuant to 28 U.S.C. § 1441 because there is complete diversity between the parties and the amount in controversy exceeds the jurisdictional minimum.

### Diversity of Citizenship

11. For purposes of diversity jurisdiction, a natural person's citizenship is determined by her "domicile," which is defined as "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In the Complaint, Plaintiff notes that he resides in Riverside County, California. (Compl. ¶ 3.) Therefore, Plaintiff is a citizen of California.

///

///

///

12. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. G4S is a corporation organized under the laws of Florida, with its principal place of business in Florida. The same was true as of October 29, 2020, and has been true at all times between then and now.

14. Accordingly, as of the time the Complaint was filed, and all times thereafter, G4S was and is a citizen of Florida.

15. As to Bank of America, as alleged and admitted by Plaintiff in the State Court Action, Bank of America Corporation is a Delaware Corporation with its principal place of business in Delaware. G4S is informed and believes that the same was true as of October 29, 2020 and has been true at all times between then and now.

16. As to "Doe" defendants, "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of determining whether a civil action is removable on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

17. Because, as established above, Plaintiff and G4S are citizens of different states, complete diversity exists in this case.

## Amount in Controversy

18. "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.' 28 U. S. C. § 1446(a)." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). "When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met. Ordinarily, 'the matter in controversy [must] excee[d] the sum or value of $75,000.' § 1332(a)." *Id.*, at 83-84. If the plaintiff's complaint does not state the

amount in controversy—e.g., by demanding monetary relief of a stated sum—then the defendant's notice of removal may do so. *Id.*, at 84 (citing § 1446(c)(2)).

19. § 1446(a) provides that in order to adequately state the amount in controversy for purposes of removal jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. Accordingly, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

20. The allegations and theory of recovery set forth in the Complaint establish that, in the aggregate, the total amount in dispute here exceeds $75,000.

21. "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 Fed.Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)).

22. Although G4S denies any liability as to Plaintiff's claims, "it is more likely than not" that the amount in controversy in this action exceeds the $75,000 jurisdictional minimum. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) (discussing whether "it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted). Because "the amount-in-controversy inquiry in the removal context is

1  not confined to the face of the complaint," the district court may consider facts
2  plausibly alleged in a defendant's notice of removal whether or not they appear in
3  the plaintiff's complaint. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th
4  Cir. 2004).

5      23. "[T]he amount in controversy is the 'amount at stake in the
6  underlying litigation.' " *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785,
7  793 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840
8  F.3d 644, 648 (9th Cir. 2016)). That amount "includes any result of the litigation,
9  excluding interests and costs, that 'entails a payment' by the defendant."
10 *Gonzales*, 840 F.3d at 648 (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d
11 696, 701 (9th Cir. 2007)). In more concrete terms, the amount in controversy
12 includes, depending on the claims and requests for relief, "damages
13 (compensatory, punitive, or otherwise), the costs of complying with an injunction,
14 and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch*, 899
15 F.3d at 793.

16     24. Here, Plaintiff's Complaint requests damages for special and
17 economic damages, general and non-economic damages, incidental damages,
18 punitive damages and costs related to litigation. *See* Compl. (Prayer for Relief).
19 Plaintiff further alleges to have experienced "severe emotional distress" based on
20 a "conscious disregard to Plaintiff's rights and safety" in and a claim to support a
21 prayer for punitive damages. (Plaintiffs Complaint, ¶¶ 15-17.) The Complaint
22 specifies that the sum of damages sought renders the State Court Action an
23 unlimited civil case—i.e., the amount in controversy exceeds $25,000. Cal. Civ.
24 Proc. Code §§ 85, 86, 88.
25 ///
26 ///
27 ///
28 ///

**Monetary Damages**

25. "[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) In this regard, Plaintiff's claim for monetary damages may, on its own, satisfied the amount-in-controversy requirement.

26. Plaintiff further alleges not only claims for general negligence but for intentional conduct giving rise to a prayer for punitive damages. If evaluated through the lens of Plaintiff's theory of liability, it confirms that demand for monetary damages set forth in the Complaint satisfies the "good faith" requirement for purposes of removal under 28 U.S.C. § 1446(c)(2).

27. As a part of Plaintiff's "general damages" prayer for relief, G4S reasonably and in good faith anticipates plaintiff to allege unspecified amount of damage for emotional distress, anguish and the like. Emotional distress damages may be considered in determining the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). A defendant may introduce evidence of jury verdicts in other cases as evidence of a plaintiff's potential emotional distress damages. *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *see also Kroske*, 432 F.3d at 980 (holding that a district court did not err in concluding that emotional distress damages added at least $25,000 to the amount in controversy based in part on "emotional distress damage awards in similar age discrimination cases in Washington"). Jury verdicts may inform the amount in controversy inquiry even absent factual identity; district courts typically will consider jury verdicts rendered on facts and legal claims that are at least "analogous" or "similar" to those at issue in the

removed case. *See, e.g.*, *Castillo v. ABM Indus., Inc.*, 2017 U.S. Dist. LEXIS 192939, 2017 WL 5609791, at *3-4 (C.D. Cal. Nov. 20, 2017) ("Such cases must be factually analogous, but they need not be identical."); *Ponce v. Medical Eyeglass Ctr., Inc.*, 2015 U.S. Dist. LEXIS 98517, 2015 WL 4554336, at *4 (finding "similar cases" sufficient to determine that potential emotional distress award was more than nominal, without deciding if the examples were "sufficiently analogous" to, or "quantifying the exact value" of, the plaintiff's claim for emotional distress damages); *see also Cain*, 890 F. Supp. 2d at 1250-51 (looking to "other insurance bad faith cases" as examples to estimate the value of claimed damages for emotional distress).

## IV. **CONCLUSION**

For these reasons, G4S respectfully request that this case be removed from California state court to this Court.

Dated:   December 23, 2020

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ Ashley R. Morris
Ashley R. Morris
Attorneys for Defendant, G4S SECURE SOLUTIONS