Exhibit "1"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BANK OF AMERICA CORPORATION, a Delaware Corporation, G4S SECURE SOLUTIONS, a Florida Corporation, and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JACOB LEE GAMBLE,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Riverside
10/29/2020
C. Nakagawa
Electronically Filed

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Riverside Historic Courthouse
*(El nombre y dirección de la corte es):*
4050 Main Street Riverside, CA 92501

**CASE NUMBER:** *(Número del Caso):*
**RIC2004308**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: **10/29/2020**
*(Fecha)*

Clerk, by Christana Nakagawa , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* G4S SECURE SOLUTIONS, a Florida Corporation

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 1/23/20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

KNEZ LAW GROUP, LLP
FRED J. KNEZ, ESQ. SBN 94038
ANDREW J. KNEZ, ESQ. SBN 296894
MATTHEW J. KNEZ, ESQ. SBN 303070
6780 Indiana Ave., Suite 150
Riverside, CA 92506
Telephone: (951) 742-7681
Facsimile: (951) 742-7685
Email: info@knezlaw.com

Attorneys for Plaintiff, JACOB LEE GAMBLE

FILED
Superior Court of California
County of Riverside
10/29/2020
C. Nakagawa
Electronically Filed

## SUPERIOR COURT OF THE STATE CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| JACOB LEE GAMBLE,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, a Delaware Corporation; G4S SECURE SOLUTIONS, a Florida Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE No.: **RIC2004308**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENCE**<br>2. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

### GENERAL ALLEGATIONS

1. The true names and capacities of all Defendants DOE are unknown to Plaintiff who sues them by such fictitious names under §474 of the California Code of Civil Procedure. Each defendant DOE wrongfully caused plaintiff injury and damage.

2. Defendants, and each of them were the agents, employees, servants, joint venturers and/or coconspirators of the remaining Defendants, and were acting within the course and scope of said agency, employment, joint venture and/or conspiracy; that Defendants, and each of them, when doing the things alleged herein, were the actual or ostensible agents of the remaining Defendants, and were acting within the course and scope of said agency; and that each and every Defendant, as

aforesaid, when acting as a principal, was negligent in the selection, hiring, supervision and continued employment of each and every other Defendant as an agent, employee or joint venturer; and/or that said Defendant approved supported, participated in, authorized and/or ratified the act and/or omissions of said employees, agents, servants, conspirators and/or joint venturers.

3. Plaintiff is a resident of the County of Riverside, State of California.

4. Plaintiff is informed and believes and upon such information and belief alleges that Defendant, BANK OF AMERICA CORPORATION ("BOFA"), is a Delaware Corporation licensed to do business in the State of California and engaged in business of banking in the County of Riverside, State of California.

5. Plaintiff is informed and believes and upon such information and belief alleges that Defendant, G4S SECURE SOLUTIONS ("G4S"), is a Florida Corporation licensed to do business in the State of California and engaged in business of security in the County of Riverside, State of California.

6. On March 25, 2019, Plaintiff entered BOFA located at 9204 Magnolia Ave., Riverside, California. Plaintiff entered BOFA with his client and stood in line to speak to a teller. While standing in line, an unknown individual ("DOE 1"), who was standing in front of Plaintiff began to stare angrily at Plaintiff. Plaintiff asked DOE 1 "how are you doing." DOE 1 responded "Good, real good. Actually, a whole lot better now." DOE 1 continued to stare at Plaintiff with an angered look. DOE 1 began to talk to himself and began to raise his voice. DOE 1 began shouting "Man fuck this fool Marcus." "Can't believe this fool right now." "I swear if I saw him, I would piss on his face." DOE 1 was moving his hands around frantically while shouting. DOE 1 then walked out of line. Plaintiff then walked to the teller and DOE 1 walked back toward Plaintiff. The teller stopped mid-sentence and observed DOE 1 approach Plaintiff. DOE 1 then shouted: "I was next!"

Plaintiff apologized to DOE 1 and DOE 1 responded: "Yeah, okay. Don't know what happened here."

7. The teller then directed Plaintiff and his client to speak to a personal banker at a desk within the bank near the north exit of the bank. Plaintiff sat down at a desk close to the north exit of the bank. DOE 1 then approached Plaintiff and leaned down close to Plaintiff's face and shouted: "Man, who are you." Plaintiff responded: "I'm Jake." DOE 1 responded: "Jake who?" Plaintiff responded: "Jake Gamble." DOE 1 then raised his voice and shouted: "Where are you from?" Plaintiff looked around the bank and could observe bank employees observing the situation. DOE 1 then began to shout at Plaintiff asking him to fight DOE 1. Plaintiff responded that he will not fight DOE 1. Plaintiff observed a security guard standing outside the north exit looking in Plaintiff's direction through the window. Plaintiff observed the teller open the north door exit and say something to the security guard and Plaintiff observed the security guard then walk away and turn the corner and leave the north door exit and not enter the bank to assist Plaintiff.

8. DOE 1 continued to demand that Plaintiff fight DOE 1. DOE 1 then shouted: "Come catch this ass whopping" and "you don't want this smoke." DOE 1 then approached Plaintiff and grabbed Plaintiff's file. Plaintiff grabbed the file back from DOE 1 and DOE 1 shouted: "this is my file," and "man, fuck this!" DOE 1 then punched Plaintiff with a closed fist on the side of Plaintiff's face. After Plaintiff was punched by DOE 1, Plaintiff looked for the security guard and the security guard was still not in the bank, and was also not outside observing from the north exit. Plaintiff could not observe the security guard. Plaintiff made his way to the exit of the bank and observed that the security guard was standing outside, away from the north exit. Plaintiff was then approached by the security guard and the security guard advised Plaintiff that DOE 1 was at the bank prior to the bank opening and the security guard was suspicious because DOE 1 shouting "you stole my phone!"

**COMPLAINT FOR DAMAGES**

- 3 -

The security guard said that he "tried to keep an eye on him because he seemed suspicious and that he took a photo of him."

### FIRST CAUSE OF ACTION
(*Negligence Against All Defendants and Does 1 through 25, inclusive.*)

9. Plaintiff refers to paragraphs 1 through 8 above and fully incorporates them hereto.

10. Defendant, BOFA so negligently owned and operated their bank, negligently provided security at the bank, and so negligently hired and employed security for the bank. Defendant, BOFA failed to use reasonable care in the operation of their bank, failed to use reasonable care in providing security at their bank and failed to use reasonable care in the hiring of security for their bank.

11. Defendant, G4S so negligently owned and operated their security company, negligently provided security at the bank, and so negligently hired and employed security officers. Defendant, G4S failed to use reasonable care in the operation of security, failed to use reasonable care in providing security at the bank and failed to use reasonable care in the hiring of security officers at the bank.

12. Plaintiff alleges that the harm caused to Plaintiff ordinarily would not have happened unless someone was negligent. The harm was caused by something that only Defendants, and each of them, controlled and Plaintiff's voluntary actions did not cause or contribute to the events that harmed Plaintiff. As a result, Plaintiff alleges Defendants, and each of them, are liable under the theory Res Ipsa Loquitor.

13. As a direct and proximate result of the aforesaid negligence Defendants, and each of them, Plaintiff sustained special damages and economic losses, as well as general damages, including damages for pain, suffering and emotional distress.

## SECOND CAUSE OF ACTION
*(Intentional Infliction of Emotional Distress Against all Defendants and Does 1 through 25, inclusive.)*

14. Plaintiff refers to paragraphs 1 through 13 and by such reference incorporates them herein.

15. Defendants' conduct was outrageous and Defendants intended to cause emotional distress to Plaintiff and/or Defendants acted with a reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when DOE 1 was threatening Plaintiff and failing and refusing to respond, assist or protect Plaintiff.

16. The conduct of Defendants was a substantial factor in causing Plaintiff's severe emotional distress.

17. Plaintiff is informed and believes that the Defendants' conduct toward Plaintiff was done maliciously and intended to cause injury to Plaintiff and with a conscious disregard to Plaintiff's rights and safety, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them as follows:

**FIRST CAUSE OF ACTION**

1. Special and economic damages according to proof;
2. General and non-economic damages according to proof;
3. Incidental damages according to proof;
4. Costs of suit according to proof; and
5. Such other and further relief as the court deems just and proper.

///
//
/

**COMPLAINT FOR DAMAGES**

- 5 -

**SECOND CAUSE OF ACTION**

1. Special and economic damages according to proof;

2. General and non-economic damages according to proof;

3. Incidental damages according to proof;

4. Punitive damages;

5. Costs of suit according to proof; and

6. Such other and further relief as the court deems just and proper.

DATED: October 28, 2020

Respectfully submitted,

KNEZ LAW GROUP, LLP

By: _____
ANDREW J. KNEZ
Attorney for Plaintiff JACOB LEE GAMBLE

**COMPLAINT FOR DAMAGES**

- 6 -

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES
AND NOTICE OF CASE MANAGEMENT CONFERENCE

GAMBLE VS BANK OF AMERICA CORPORATION

CASE NO. RIC2004308

This case is assigned to the Honorable Judge Carol A Greene in Department 02 for all purposes, including trial.

The Case Management Conference is scheduled for 04/27/21 at 8:30 in Department 02.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section. The court follows California Rules of Court, Rule 3.1308(a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the Internet by 3:00 pm on the court day immediately before the hearing at <http://www.riverside.courts.ca.gov/tentativerulings.shtml>. If you do not have internet access, you may obtain the tentative ruling by telephone at (760)904-5722.

To request oral argument, not later than 4:30 pm on the court day before the hearing you must (1) notify the judicial secretary at (760)904-5722 and (2) inform all other parties. If no request for oral argument is made by 4:30 pm, the tentative ruling will become the final ruling on the matter effective the date of the hearing.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 11/02/20    by: _____
CHRISTINA H NAKAGAWA, Deputy Clerk

cdacmc
12/9/19

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

### Advantages of ADR:
- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 01/01/12]
(Reformatted 06/01/16)

<u>Arbitration may be appropriate when the parties:</u>
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

<u>Arbitration is not appropriate when the parties:</u>
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

### **RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS**

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

<u>**General Policy**</u>:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See http://adr.riverside.courts.ca.gov/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553 | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

**RI-ADR001**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)

FOR COURT USE ONLY

TELEPHONE NO:   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

CASE MANAGEMENT CONFERENCE DATE(S):

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation        ☐ Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation        ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration    ☐ Other (describe): _____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
|---|---|---|
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |

Page 1 of 1

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml